## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| EDDIE JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> MONARCH RECOVERY MANAGEMENT, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:20-cv-00280 <br><br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes EDDIE JACKSON ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of MONARCH RECOVERY MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Indiana.

1

## PARTIES

4. Plaintiff is a consumer over 18-years-of-age residing in Merrillville, Indiana, which is located within the Northern District of Indiana.

5. Defendant is a third party debt collector holding itself out as "a premier accounts receivable management company."[1] Defendant is a corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 10965 Decatur Road, Philadelphia, Pennsylvania. Defendant regularly engages in collection activities in several different states, including the state of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer obligation that Plaintiff allegedly owed to Synchrony Bank ("subject debt").

8. The subject debt stems from a CareCredit card Plaintiff was issued through Synchrony Bank which was used for Plaintiff's personal use.

9. After incurring the subject debt, Plaintiff purportedly defaulted on her payments to Synchrony Bank.

10. Upon information and belief, Synchrony Bank subsequently charged off the subject debt and turned collection of the same over to Defendant.

---

[1] http://monarchrm.com/about-us/

2

11. On or about November 6, 2019, Defendant sent or caused to be sent a correspondence to Plaintiff which sought collection of the subject debt. *See* attached Exhibit A, for a true and correct copy of the November 6, 2019 correspondence.

12. This collection letter was the first written communication Plaintiff received from Defendant in connection with the subject consumer debt.

13. The collection letter, in its efforts to comply with 15 U.S.C. § 1692g, provides the following disclosure of Plaintiff's rights under the FDCPA:

> Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

14. Upon reading this portion of Defendant's correspondence, Plaintiff was led to believe that, in orderly to effectively dispute the subject debt so as to preclude Defendant from assuming its validity, she would need to submit such dispute in writing.

15. However, pursuant to the FDCPA, disputes under 15 U.S.C. § 1692g(a)(3) need not be in writing, and Defendant's suggestion to the contrary deceptively and misleading obfuscated the nature of Plaintiff's rights under the FDCPA – rights she would have exercised but for Defendant's unfair and inappropriate limitation on Plaintiff's statutorily-provided rights. Defendant added a more burdensome requirement, which is not provided for under the FDCPA, and in turn, impacted Plaintiff's concrete interests under the law.

16. District Courts within the 7th Circuit, as well as this Court in particular, have explicitly held that it is a violation of 15 U.S.C. § 1692g(a)(3) for a debt collector to suggest that disputes pursuant to § 1692g(a)(3) must be made in writing. *See Campbell v. Hall,* 624 F. Supp.

2d 991, 1000 (N.D. Ind. 2009); *see also, Chung v. Nat'l Check Bureau*, No. 1:04-cv-1857-RLY-WTL, 2005 U.S. Dist. LEXIS 15216, at *7, 2005 WL 1541030 (S.D. Ind. June 30, 2005); *Walters v. PDI Mgmt. Servs.*, No. 1:02-cv-1100-JDT-TAB, 2004 U.S. Dist. LEXIS 13972, at *15-17, 2004 WL 1622217 (S.D. Ind. April 6, 2004); *Spearman v. Tom Wood Pontiac-GMC, Inc.*, IP 00-1340-C-T/K, 2002 U.S. Dist. LEXIS 24389, at *25-29, 2002 WL 31854892 (S.D. Ind. Nov. 4, 2002); *Smith v. GC Servs. Ltd. P'ship,* No. 116CV01897RLYDML, 2017 WL 2629476, at *3 (S.D. Ind. June 19, 2017).

17. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

18. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

19. Plaintiff has further suffered a violation of her state and federally protected substantive interests as a result of Defendant's conduct.

20. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of regularly collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of the FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

   "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

   "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated § 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representation as to Plaintiff rights under the FDCPA. Given Defendant's explicit representation that Plaintiff needed to submit a written dispute pursuant to § 1692g(a)(3) in writing, Defendant blatantly put an additional, unfounded impediment on Plaintiff's statutorily provided write – conduct which is in direct violation of the FDCPA.

   b. **Violations of the FDCPA § 1692g**

29. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to, in their initial written communications with consumers, provide consumers with various pieces of information regarding such consumers' rights to dispute the validity of debts serving as the basis of the debt collectors' collection efforts. Pursuant to 15 U.S.C. § 1692g(a)(3), a debt collector must provide a "statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

30. Defendant violated § 1692g(a)(3) when it stated that Plaintiff's dispute under this subsection must be made in writing. This conduct is in direct violation of this provision of the FDCPA, as articulated by a number of district courts within the 7th Circuit.

WHEREFORE, Plaintiff, EDDIE JACKSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 29th day of July, 2020.                    Respectfully Submitted,

 */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601

(267) 422-1000 (phone)  
(267) 422-2000 (fax)  
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Eddie Jackson*